## Pearson, Admx., v. Conover

*Marsh, Spaeder, Baur & Marsh*, for plaintiff.
*Brooks, Curtze & Silin*, for defendant.

EVANS, J., November 2, 1942.—Hilda Pearson, as administratrix of the estate of John Albert Pearson, deceased, brought action to recover damages because of an accident which occurred November 2, 1941, in Millcreek Township, Erie County, Pa., in which her husband, John Albert Pearson, received injuries resulting in his death. At the time of the accident the decedent and plaintiff were residents of the City of Conneaut, State of Ohio. Plaintiff qualified properly in Erie County, Pa., by obtaining her appointment as adminis-

tratrix, filing a bond and naming a resident attorney-in-fact. Suit was instituted and at the time of trial a formal verdict in this case by agreement was entered October 8, 1942, in the amount of $5,157.33. Judgment was entered on the verdict October 13, 1942. Defendant then filed a petition alleging that the petitioner "is ready and willing to make payments in accordance with the agreed settlement but acting under advice of counsel avers that he cannot be required to make any settlement on account of the suit as instituted." The petition concludes with a prayer for such order as will give him a valid release.

At the time of argument defendant contended that letters should have been issued in the State of domicile, with ancillary letters to follow in Pennsylvania. With this we cannot agree. The amount of the verdict is in no way to be considered as an asset of the decedent's estate. It is not subject to inheritance tax, nor can it be used for decedent's debts or be distributed according to the terms of any will he may have left. The action was brought by a personal representative under Pa. R. C. P. 2202 in a representative capacity only and for the benefit of those persons entitled by law to recover damages for such wrongful death. Those entitled to the proceeds of this judgment are the widow and eight children, two of whom are minors. In compliance with Pa. R. C. P. 2206 plaintiff filed a petition for an order of court designating the persons entitled to share in the damages recovered and the share of net proceeds which each is to receive.

We are unable to find any appellate decisions on the point involved, but are satisfied that under our rules of procedure an administrator is a proper party to bring suit. The fund recovered is a special one for named beneficiaries. Letters of administration may be granted in the State where the cause of action arose, even though the deceased left no other property there:

Goodrich on Conflict of Laws, chapter 6, pp. 210-213, inclusive. In addition to this conclusion we have the fact that a nonresident has properly obtained letters of administration in this county and State. The suit followed, and no steps were taken to contest either the validity of the appointment or the right to recover. A formal verdict was entered by agreement and judgment was entered thereon. We see no way in which the validity of this judgment can be attacked now.

And now, to wit, November 2, 1942, the rule granted October 19, 1942, is discharged and the prayer of the petition is refused.